**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. No. 26-cr-01851-SMD

ANGEL DE JESUS MORALES-AGUIRRE,

Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART THE MOTIONS IN LIMINE**

**THIS MATTER** is before the Court on the government's Omnibus Motion in Limine, filed July 30, 2026. Doc. 61. Defendant filed a response in opposition (Doc. 77). For the reasons set forth below, the Court **GRANTS** the motion in part and **DENIES** it in part.

The government seeks to exclude the following ten categories of evidence and arguments: (1) allegations of government misconduct; (2) pre-trial rulings; (3) plea negotiations; (4) offers to stipulate; (5) information known only to Defendant; (6) administrative discipline and/or lawsuits; (7) defense exhibits not previously supplied to counsel for the government; (8) Defendant's health; (9) possible consequences of sentencing; and (10) jury nullification.

Additionally, the Court addresses Defendant's Motion in Limine to Exclude the Testimonial Hearsay Statements of Non-Testifying Declarants. Doc. 66. The government filed a response in opposition (Doc. 73), and Defendant filed a reply (Doc. 99). For the reasons set forth below, the Court **DENIES** the motion without prejudice. The Court will rule on Defendant's separate motion in limine to exclude or limit the proposed expert testimony of Border Patrol Agent Victor Garcia (Doc. 67) in a subsequent order.

**1. Allegations of Government Misconduct**

Citing Federal Rules of Evidence 401, 402, and 403, the government moves to preclude the defense from introducing any evidence, making statements, or asking questions before the jury regarding allegations of government misconduct or constitutional violations. Doc. 61 at 1. The government also seeks to preclude any other issues raised by Defendant in pretrial motions, absent actual evidence of misconduct by the government. *Id.* at 1–2. The government's request contains no specific allegations of misconduct.

Defendant opposes this request, arguing that: (1) the defense is not required to possess "actual evidence of misconduct" before asking a question or referring to a matter at trial; and (2) the request is too vague. *See* Doc. 77 at 1–4.

The request is **DENIED** without prejudice. The defense is free to cross-examine agents about the timing of the creation of their reports and other matters consistent with proper impeachment of a specific witness. However, if counsel wishes to raise any issue beyond proper impeachment and approaching the allegation of "misconduct," counsel will approach the bench before doing so.

**2. Pretrial Rulings**

Citing Rule 401, Rule 402, and Rule 403, the government seeks to preclude the defense from introducing evidence, making statements, or asking questions before the jury regarding the contents of, or rulings on, any pretrial motions filed by either the defense or the government. Doc. 61 at 2.

Defendant does not oppose this request, provided that the government and its witnesses are similarly precluded from mentioning, eliciting, or implying the contents or outcomes of pretrial motions or rulings before the jury. Doc. 77 at 4.

The Court **GRANTS** the request. The restriction applies equally to all parties.

**3. Plea Negotiations**

Citing Rule 410, the government seeks to preclude the defense from introducing any evidence, making statements, or asking questions before the jury regarding the occurrence and/or substance of any plea negotiations. Doc. 61 at 2. The government contends that such matters are not proper concerns for the jury. Defendant does not oppose this request. Doc. 77 at 4.

The Court **GRANTS** this request. The restriction applies equally to all parties.

**4. Offers to Stipulate**

Citing Rules 401, 402, and 403, as well as *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008) (holding United States is entitled to prove its case as it sees fit), the government seeks to preclude the defense from introducing evidence, making statements, or asking questions before the jury regarding Defendant volunteering, offering, or agreeing to stipulate to certain facts, unless approved by the Court. Doc. 61 at 2.

Defendant objects to this request, arguing it is premature because the government has not identified any specific proposed stipulation. Doc. 77 at 4. Defendant notes that he does not currently intend to reference any offers to stipulate before the jury and will bring any such issue to the Court's attention before raising it. *Id.*

Absent additional information, the request is **DENIED** without prejudice. Counsel may object as necessary and, if appropriate, request to approach the bench.

**5. Information Known Only to Defendant**

The government seeks to preclude the defense from introducing evidence, making statements, or asking questions before the jury regarding information or facts that could only be brought to light through the sworn testimony of Defendant, unless defense counsel informs the

Court that Defendant will testify. Doc. 61 at 2–3. Defendant objects to this request as premature and vague. Doc. 77 at 4–5.

The Court **DENIES** the request as unripe to the extent it seeks to categorically exclude information only known to Defendant. In opening statements, counsel may reference and summarize evidence that they, in good faith, believe will be presented at trial, including information about which Defendant may testify. However, the request is **GRANTED** in part to the extent counsel may not reference the anticipated testimony of Defendant during *voir dire*. *See United States v. Clay*, No. CR 22-1841 KG, 2023 WL 3073441, at *2 (D.N.M. Apr. 25, 2023).

**6. Administrative Discipline and/or Lawsuits**

Citing Rule 608(b), the government seeks to preclude the defense from attempting to impeach any witness with prior administrative disciplinary findings unless and until this Court has an opportunity to review the evidence and determine its admissibility. Doc. 61 at 3. Defendant opposes this request as categorical and unspecified. Doc. 77 at 5.

The Court **DENIES** this request without prejudice to the extent that it will not categorically preclude Defendant from using this type of impeachment evidence. The parties must request a bench conference before referencing or introducing any Rule 608(b) evidence. The Court reminds the parties of their reciprocal discovery obligations.

**7. Defense Exhibits**

Citing Rule 16, the government seeks to preclude the defense from introducing evidence, making statements, or asking questions before the jury regarding defense exhibits that have not been previously disclosed to the government. Doc. 61 at 3.

Defendant does not object to this request, provided the government is similarly precluded from mentioning, eliciting, or implying the contents of any exhibit that has not been disclosed to the defense. Doc. 77 at 7.

The Court **GRANTS** the request. This restriction applies equally to all parties, and the Court reminds the parties of their reciprocal discovery obligations.

**8. <u>Defendant's Health</u>**

The government seeks to preclude the defense from introducing evidence, making statements, or asking questions before the jury regarding Defendant's mental or physical health. This request includes, without limitation, past or current diseases, traumas, attacks, and medical and psychological conditions. Doc. 61 at 3–4.

Defendant objects to this request as premature, arguing that the government has not identified any health issue it expects Defendant to raise and offers no rationale for exclusion. Defendant states that he does not presently intend to offer evidence of his health, but notes his health could become relevant at trial, particularly if the government opens the door to it. Doc. 77 at 7.

Defendant has not made his health an issue in the pretrial motions, though defense counsel indicated that Defendant's health conditions at the Santa Teresa Border Patrol Station may be relevant to determining whether his statements were voluntarily given. *See* Tr. 102:6–19.

The Court **DENIES** the request to categorically exclude information of Defendant's health as unripe. However, the parties must request a bench conference before referencing or introducing any evidence concerning Defendant's health.

**9. <u>Possible Consequences of Sentencing</u>**

The government seeks to preclude the defense from mentioning, in any manner, the possible consequences Defendant faces if convicted of the charges in the indictment. Doc. 61 at 4. Defendant does not object to this request, provided that the prohibition applies equally to the government. Doc. 77 at 7–8.

The Court **GRANTS** this request. The restriction applies equally to all parties. The jury's role is to determine guilt or innocence, not to engage in sentencing. *See United States v. Greer*, 620 F.2d 1383, 1384–85 (10th Cir. 1980) (citing *Rogers v. United States*, 422 U.S. 35 (1975)).

**10. <u>Jury Nullification</u>**

The government seeks to preclude the defense from suggesting, encouraging, or inviting jury nullification. Doc. 61 at 4–5. Defendant does not oppose this request. Doc. 77 at 8.

The Court **GRANTS** this request. The restriction applies equally to all parties.

**11. <u>Testimonial Hearsay</u>**

Defendant moves to exclude the testimonial hearsay statements of non-testifying declarants. Doc. 66. Specifically, Defendant seeks to exclude the out-of-court statements of the non-testifying declarant F.G.G., whom the government alleges Defendant transported. *Id.* at 1. Defendant further seeks to bar the government from introducing these statements by any means, including through investigating agent's testimony, the Memorandum of Investigation, or expert testimony. *Id.*

In Form G-166, F.G.G. recounted his route from Oaxaca, New Mexico to Cíudad Juárez, Chihuahua in an attempt to enter the United States. Doc. 66-1 at 1. According to the Form, F.G.G. made arrangements via WhatsApp with a smuggler known as Chato, who charged him a fee. *Id.* Chato smuggled F.G.G. over the border using a rope ladder on January 12, 2026 at approximately

11 p.m. and directed him to walk to the highway and board a red Mercedes Benz for pickup. *Id.* F.G.G. allegedly boarded the vehicle and traveled with Defendant and the juvenile until the vehicle stalled. The juvenile ordered him to exit the car, and he did so, hiding in the brush. *Id.*

The defense states in this motion that, upon information and belief, F.G.G. has been removed from the United States and is unavailable to testify. Doc. 66 at 2. Subsequently, the pending prosecution of F.G.G. has been identified in this district. *See United States v. Garcia-Garcia*, No. 26-CR-788. A new notice reveals that the government plans to call F.G.G. as a witness. *See* Doc. 94.

In response to the motion, the government summarily states that it will not seek to admit inadmissible hearsay. The government asserts that any statement it seeks to introduce are either not hearsay or fall within a hearsay exception, including: (1) statements not made for the truth of the matter asserted, (2) statements being offered for effect on the listener, (3) statements being made as a present sense impression, and (4) co-conspirator statements. Doc. 73 at 2. The government does not specifythe statements it seeks to introduce.

## I. Legal Standard

The Confrontation Clause prohibits the admission of hearsay statements that are testimonial unless the witness is unavailable to testify and the defendant had a prior opportunity for cross-examination. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004). To determine if the right to confrontation has been violated, a court first asks "whether the challenged evidence is hearsay." *United States v. Kool*, 552 F. App'x 832, 834 (10th Cir. 2014).

Once the court determines that the challenged evidence constitutes hearsay, it evaluates whether the statement is "testimonial" and covered by the Confrontation Clause. Testimony, in turn, is typically "[a] solemn declaration or affirmation made for the purpose of establishing or

proving some fact." *Crawford*, 541 U.S. at 51; *Davis v. Washington*, 547 U.S. 813, 824 (2006). "An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Crawford*, 541 U.S. at 51.

In *Davis v. Washington*, the Supreme Court distinguished between emergency and testimonial interrogations. Statements are non-testimonial if their primary purpose is to help police resolve an ongoing emergency. However, they become testimonial if no ongoing emergency exists, and the primary purpose is to gather evidence for future prosecution. *Davis*, 547 U.S. at 829.

**II. Defendant's Motion is Denied Because F.G.G. Will Testify.**

Because the government is calling F.G.G. as a witness, his statements, offered through his testimony, no longer trigger the Sixth Amendment. The part of Defendant's motion arguing that F.G.G.'s statements are inadmissible under the Confrontation Clause is now moot. Because F.G.G. will testify, Defendant's argument that his statements in the Border Patrol reports are inadmissible as hearsay within hearsay is also moot, so long as the government does not attempt to offer those statements through another witness.

In his reply, Defendant separately challenges the government's proposed use of co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E). *See* Doc. 99. The Court granted Defendant's request for a *James* hearing at the Pretrial Conference on August 19, 2026. Doc. 104. The Court will address this co-conspirator exception in a subsequent order. Defendant's motion also challenges any out-of-court statements by the juvenile. The Court will address these statements, if applicable, during the *James* hearing as well. *Id.*

Plaintiff's motion to exclude testimonial hearsay statements of non-testifying declarants is therefore **DENIED** without prejudice.

## CONCLUSION

WHEREFORE, the Court **GRANTS** the motions in limine regarding the following: pre-trial rulings; plea negotiations; defense exhibits; possible consequences of sentencing; and jury nullification.

The Court **GRANTS IN PART** and **DENIES IN PART** the following: information known only to Defendant.

The Court **DENIES** the following without prejudice: allegations of government misconduct, offers to stipulate; administrative discipline and/or lawsuits; Defendant's health; and Defendant's Motion in Limine (Doc. 66).

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**